IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:23-cv-00201-FL

| | |
|---|---|
| STACEY CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS CITY OF RALEIGH AND SAMANTHA GREINER IN HER OFFICIAL CAPACITY** |
| SAMANTHA GREINER *in her official and individual capacity*; CITY OF RALEIGH, | ) |
| Defendants. | ) |

Defendants City of Raleigh and Samantha Greiner in her official capacity (collectively, "the City") submit this Memorandum of Law in support of their Motion to Dismiss (D.E. 16) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## NATURE OF THE CASE

This case arises out of the stop and detention of Plaintiff by City of Raleigh police officer Samantha Greiner who had misidentified Plaintiff as a suspect with an outstanding arrest warrant.

On April 14, 2023, Plaintiff filed a Complaint alleging claims under 42 U.S.C. § 1983 and North Carolina law against the City of Raleigh and Officer Greiner in her individual and official capacities. (D.E. 1) In her Complaint, Plaintiff appears to assert three claims against the City and Officer Greiner in her official capacity:[1] (i) a §1983 *Monell*[2] claim based on the City's

---

[1] Plaintiff also asserts the following claims against Officer Greiner in her *individual* capacity: a § 1983 for unlawful seizure; a § 1983 claim for excessive force; and common law claims for battery, false imprisonment, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress. (D.E.1)

[2] *Monell* v. *Department of Social Services,* 436 U.S. 658 (1978).

alleged failure to train, supervise, and discipline Officer Greiner; (*Id.*,¶¶ 121-141); (ii) a direct claim under the North Carolina Constitution (*Id.*, ¶¶ 115-120); and (iii) a common law negligence supervision and training claim;[3] (*Id.*,¶¶ 87-102). Plaintiff also asserts a claim for punitive damages and seeks compensatory damages along with costs and attorney's fees under 42 U.S.C. § 1988 and N.C. Gen. Stat. § 6-21.7.[4] (*Id.*, p 17.)

On June 20, 2023, Officer Greiner was personally served with a summons and the complaint, (D.E. 6), and on August 10, 2023, Officer Greiner—in her individual capacity only—filed an Answer to the Complaint. (D.E. 15) The City of Raleigh waived service (D.E. 8) resulting in an initial response deadline being on or before August 28, 2023. By Text Order dated August 4, 2023, the Court extended the deadline for Officer Greiner in her official capacity to respond to the Complaint to August 28, 2023. The City and Officer Greiner in her official capacity (collectively, the "City") now move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF RELEVANT FACTS

According to the Complaint,[5] the encounter between Plaintiff and Officer Greiner giving rise to this lawsuit occurred outside one night[6] along Pettigrew Street in Raleigh, North Carolina.

---

[3] In her Complaint, Plaintiff captions this claim as a "Negligence *Per Se* N.C. Gen. Stat. § 15A-401"claim (*See* D.E. 1, p 9), but the undersigned is aware of no court decision that has held a violation of N.C. Gen. Stat. § 15A-401(b) forms the basis of a negligence *per se* action.

[4] N.C. Gen. Stat. § 6-21.7 provides: "In any action in which a city or county is a party, upon a finding by the court that the city or county violated a statute or case law setting forth unambiguous limits on its authority, the court shall award reasonable attorneys' fees and costs to the party who successfully challenged the city's or county's action." The undersigned is aware of no court decision that has awarded attorney's fees under this statute outside the land use and zoning context.

[5] As Rule 12(b)(6) requires, the facts are recited from the complaint; however, the City does not agree with the accuracy of many of Plaintiff's allegations.

[6] The Complaint does not state the date of the encounter between Plaintiff and Officer Greiner giving rise to this lawsuit.

(D.E. 1, ¶¶ 6, 9) Defendant Samantha Greiner, a police officer employed by the City of Raleigh Police Department, had been on patrol in the area that evening in her marked police vehicle. (*Id.,* ¶¶ 7, 49-50). Plaintiff, a black woman, had just left one of the houses on Pettigrew Street and was standing next to her Cadillac SUV that was parked along the Pettigrew Street. (*Id.,* ¶¶ 6, 9, 12). At that time, Plaintiff was wearing a black robe and a purse on her shoulder. (*Id.,* ¶ 15)

Officer Greiner saw Plaintiff on Pettigrew Street and parked her police vehicle on the opposite side of the street from Plaintiff. (*Id.,* ¶ 10) Officer Greiner got out of her vehicle and approached Plaintiff. (*Id.*) Officer Greiner asked Plaintiff what she was doing and told Plaintiff to stand in front of her SUV and take her hands out her pockets. (*Id.,* ¶¶ 13-14) Officer Greiner conducted a pat down of Plaintiff and shook Plaintiff's robe lifting it briefly above her waist (*Id.,* ¶¶ 23-25) After telling Plaintiff multiple times to put her hands on her car, Officer Greiner placed Plaintiff in handcuffs (*Id.,* ¶¶ 29-30) With Plaintiff's consent, Officer Greiner then retrieved Plaintiff's driver's license from Plaintiff's purse. (*Id.,* ¶ 34) After verifying Plaintiff's identity, Officer Greiner gave Plaintiff back her driver's license and removed the handcuffs. (*Id.,* ¶¶ 34-35).

## ARGUMENT

Plaintiff asserts three claims against the City and Officer Greiner in her official capacity: (i) a § 1983 *Monell* claim based on a failure to train, supervise, and discipline theory; (ii) a direct claim under the North Carolina Constitution; and (iii) a common law negligence supervision and training claim. Plaintiff also seeks punitive damages from the City and Officer Greiner in her official capacity.

For the reasons discussed below, the Court should dismiss all claims against the City and Officer Greiner pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a claim must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In evaluating whether a claim is stated, the court "accepts all well-pled facts as true and construes [those] facts in the light most favorable to the plaintiff," but it does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Although "a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim," "the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## II. The Complaint Fails to State a Plausible *Monell* Claim Against the City.

### A. *Monell* Standard

In *Monell v. Department of Social Services,* the Supreme Court held that municipalities are "persons" for purposes of 42 U.S.C. § 1983 and therefore may also be liable for a plaintiff's constitutional harms. 436 U.S. 658 (1978). But "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691(emphasis in original); *Owens v.*

*Baltimore City State's Attorney's Office,* 767 F.3d 379, 402 (4th Cir. 2014), *cert. denied,* 575 U.S. 983 (2015)("[U]nder *Monell*, a municipality is liable only for its own illegal acts.") Rather, to be held liable, the municipality itself must have generated the "moving force" behind the alleged constitutional violation, either through official policy or widespread and pervasive custom. *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989).

> A policy or custom for which a municipality may be held liable can arise in four ways:
>
> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law.

*Lytle v. Doyle,* 326 F.3d 463, 471 (4th Cir. 2003)

Here, Plaintiff attempts to establish a policy or custom under the third theory. But as discussed below, her *Monell* claim falls short for a variety of reasons.

### B.  Plaintiff's Complaint fails to plausibly allege a *Monell* claim under a failure to train, supervise, or discipline theory.

In her complaint, and without asserting any supporting facts, Plaintiff alleges that the City failed to "properly train[], supervise[], or discipline[] Defendant Greiner or other employees in how to develop reasonable articulable suspicion, probable cause, and identifying a suspect." (D.E. 1, ¶ 123) The Complaint further alleges "[t]hat as a direct and proximate result of the City's failure to train, failure to supervise, failure to discipline, or negligently retaining officers such as Defendant Greiner, [Plaintiff's] federal and state's rights were violated." (*Id*., ¶ 137) These conclusory, formulaic allegations do not establish or plausibly allege a *Monell* claim.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Therefore,

"rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Allegations of mere negligence will not suffice. *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987).

Municipal liability arises "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Connick,* 563 U.S. at 61. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999)

To establish deliberate indifference in the training context, a plaintiff must present some evidence that the municipality knew of the need to train in a particular area and made a deliberate choice not to take any action. *Bryan County Comm'rs v. Brown*, 520 U.S. 397, 407-10 (1997). "[A] failure to train can only form a basis for liability if it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations." *Lytle v. Doyle*, 326 F.3d 463, 474 (4th Cir. 2003)(internal quotations omitted)

Further, "[i]t is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes. *Id*., 326 F.3d at 473 (*quoting Carter,* 164 F.3d at 220.) Indeed, this Court recently acknowledge that in failure to train, supervise, discipline cases "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Smith v. Wineman*, No. 4:22-CV-76-FL, 2023 WL 4378085, at *4 (E.D.N.C. July 6, 2023).

Like failure-to-train claims, *Monell* claims premised on failures to supervise or discipline are subject to the same "deliberate indifference" requirements, and courts likewise require allegations of "multiple instances of misconduct before permitting supervisory liability to attach." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 207 (4th Cir. 2002); *see Cox v. Lamm,* No. 4:20-CV-52-FL, 2020 WL 5097832, at *3 (E.D.N.C. Aug. 28, 2020)(rejecting plaintiff's argument that "he [was] not required to allege more than his own constitutional violation to sustain a supervisory liability claim in the face of a 12(b)(6) challenge."); *Engleman v. Cumberland Cnty.,* No. 5:12-CV-00147-FL, 2013 WL 157065, at *7 (E.D.N.C. Jan. 15, 2013)("It is rare for municipal liability to attach based on the failure to discipline ... for a single incident.").

Here, Plaintiff's *Monell* claim is premised on a single, isolated incident that occurred between Officer Greiner and Plaintiff one evening at some point in time. This single alleged unconstitutional act by a subordinate employee does not establish a municipal policy or custom of inadequate training or supervision sufficient to support a §1983 action.[7] *See Anderson v. Croley,* No. 5:18-CT-3020-FL, 2019 WL 2864752 (E.D.N.C. July 2, 2019)(finding three separate instances of alleged excessive use of force by the Pitt County Sherriff's Department was "not sufficient to establish a custom or practice for §1983 purposes.")

Plaintiff's complaint is also completely devoid of any allegation that a "pattern of similar constitutional violations" existed. This omission, by itself, is fatal to her *Monell* claim. *See Layden v. Stanley*, No. 4:22-CV-61-FL, 2023 WL 3733903, at *4 (E.D.N.C. May 30, 2023)

---

[7] Plaintiff acknowledges in her Complaint that Officer Greiner is not a final policymaker for the City (*See* D.E.1., ¶¶ 45, 49); therefore, her decision to conduct an alleged unconstitutional stop is not "decision of a person with final policymaking authority" giving rise to Monell liability under the second theory of showing a policy or custom under *Lytle*.

(dismissing plaintiff's *Monell* failure-to-train claim because complaint did not allege "persistent and widespread practices" of unconstitutional conduct.)

Plaintiff has not alleged any facts indicating that any City policymaker was aware of, or acquiesced in, any pattern of unconstitutional conduct by its police officers. Plaintiff has not pled a single fact to indicate that the City had actual or constructive notice of any deficiency in training, let alone some failure in training its officers regarding warrantless arrests. In fact, the Complaint contains no supporting facts that plausibly establish Plaintiff's single alleged unconstitutional encounter with Officer Greiner was directly caused by some municipal failure. All that Plaintiff offers in her Complaint are summary legal conclusions unsupported by factual content. Plaintiff's allegations are no different than the allegations that the Supreme Court found to be "nothing more than a 'formulaic recitation of the elements'" of a constitutional claim and, thus, inadequate in *Iqbal*. 556 U.S. at 680-681.

Like any other claim, to survive a motion to dismiss, a complaint asserting a *Monell* claim must provide enough facts to state a claim to relief that is plausible on its face. This Court has repeatedly dismissed *Monell* claims on Rule 12(b)(6) grounds where the complaints contain barebone, conclusory allegations like Plaintiff's Complaint here. *See e.g., Layden v. Stanley*, No. 4:22-CV-61-FL, 2023 WL 3733903 (E.D.N.C. May 30, 2023); *Cox v. Lamm*, 2020 WL 5097832, No. 4:20-CV-52-FL (E.D.N.C. Aug. 28, 2020); *Horton v. City of Raleigh*, 2016 WL 2901743, No. 5:15-CV-349-FL (E.D.N.C. May 18, 2016) (dismissing custom or practice claim); *Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662 (E.D.N.C. Sept. 19, 2013) (dismissing failure to train and supervise claims against City) *Hill v. Robeson County*, 733 F. Supp. 2d 676, 682–89 (E.D.N.C. 2010) (dismissing Monell claims under Rule 12(b)(6)).

In short, Plaintiff has not alleged sufficient facts from which one can reasonably infer that the City has an unconstitutional policy or custom and that such policy or custom caused the alleged constitutional violations, both of which *Monell* require.

### III. Plaintiff's Direct Claims Under the North Carolina Constitution Must be Dismissed Because Plaintiff has Adequate State Law Remedies.

In her Complaint, Plaintiff asserts a direct claim under the North Carolina Constitution, citing Article I, Sections 19, 20, and 36.[8] (D.E. 1, ¶¶ 115-120). In support of her claim, Plaintiff alleges her state constitutional rights were violated by being "restricted of her liberty" and "falsely arrested without evidentiary support." (*Id*., ¶¶ 116-117). The Complaint does not indicate which defendant Plaintiff asserts this claim against, but to the extent the Complaint could be construed as asserting this claim the City and Officer Greiner, it must be dismissed because the Complaint establishes that Plaintiff has adequate state remedies for the alleged violations of her constitutional rights.

Direct claims under the North Carolina Constitution "[are] permitted *only* in the absence of an adequate state remedy, and where an adequate state remedy exists, those direct constitutional claims must be dismissed." *Wilcox v. City of Asheville,* 222 N.C. App. 285, 298, 730 S.E.2d 226, 236 (2012) (emphasis in original and internal quotations omitted); *Corum v. University of North Carolina,* 330 N.C. 761, 413 S.E.2d 276 (1992). For a remedy to be considered "adequate" a plaintiff must have "at least the opportunity to enter the courthouse

---

[8] Plaintiff labels this claim as "V. NORTH CAROLINA CONSISTUTION ARTICLE 1, §§ 19, 20, and 35." (D.E. 1, p 13). But at paragraph 5 on page 2 of the Complaint, Plaintiff states she "seeks relief for the violation of her rights under the North Carolina State Constitution, Article I, Sections 19, 20, and 36. (D.E. 1, p 2, ¶ 5) Based on the allegations of the Complaint, it appears this was a scriveners error.

doors and present [her] claim" and "the possibility of relief under the circumstances." *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.,* 363 N.C. 334, 355, 678 S.E.2d 351, 355 (2009)

"Under North Carolina law, a plaintiff's chance of success on the state-law remedy is irrelevant so long as an alternative cause of action addressing the plaintiff's harm exists." *Iglesias v. Wolford*, 539 F. Supp. 2d 831, 838 (E.D.N.C. 2008) (citations omitted). "Thus, North Carolina courts have held that an available remedy against a defendant in her individual capacity is sufficient to preclude a claim under the North Carolina constitution against the defendant in her official capacity." *Smith v. Dance*, No. 4:21-CV-103-FL, 2022 WL 2392863, at *11 (E.D.N.C. July 1, 2022). *Taylor v. Wake Cnty.*, 258 N.C. App. 178, 188, 811 S.E.2d 648, 656 (2018) ("[A]dequacy of a state law remedy depends upon the injury alleged by a plaintiff, rather than upon the party from whom a plaintiff seeks recovery.).

Here, the Complaint itself establishes that Plaintiff has an adequate state law remedy for the same injuries she claims under the North Carolina Constitution. In her Complaint, Plaintiff alleges that her rights under the North Carolina Constitution were violated when Officer Greiner "restrict[ed] her liberty culminating in a false arrest was without evidentiary support." (DE 1, ¶ 117). Plaintiff has adequate state remedies to redress these alleged injuries, and she has done so elsewhere in her Complaint: by pleading alternative claims for false arrest, false imprisonment, and unlawful seizure under North Carolina common law against Officer Greiner in her individual capacity. (*See Id.*, ¶ 55-74)

North Carolina courts have repeatedly held that claims for false arrest or false imprisonment constitute "adequate state law remedies" that bar direct claims under the North Carolina Constitution. *See, e.g., Rousselo v. Starling*, 128 N.C. App. 439, 447, 495 S.E.2d 725, 731 (1998) (claim for false imprisonment provides adequate state law remedy for alleged

violation of right to be free from "unreasonable detention, search and seizure" in violation of Article I, Sections 19 and 20 of N.C. Constitution); *Arrington v. Martinez*, No. 5:07-CV-11-BO, 2008 WL 11429934, at *2 (E.D.N.C. Mar. 27, 2008) ("False imprisonment is an adequate state remedy for claims of unlawful seizure and false arrest." (citations omitted)); *Alt v. Parker*, 112 N.C. App. 307, 317-18, 435 S.E.2d 773, 779 (1993) (common law tort action for false imprisonment provides an adequate remedy to vindicate the right to be free from restraint).

Accordingly, because Plaintiff has adequate state remedies to redress the harm she alleges under the North Carolina Constitution, she has failed to state a direct claim under the North Carolina Constitution. *Copper ex rel. Copper v. Denlinger*, 363 N.C. 784, 788, 688 S.E.2d 426, 428 (2010).

## IV. The Complaint Fails to Allege a Plausible Negligence Training, Supervision Claim Against the City.

In Count III of the Complaint, Plaintiff asserts a common law negligence claim based on the City's alleged failure to train and supervise Officer Greiner "on how and when to make a warrantless arrest" in accordance with N.C. Gen. Stat. § 15A-401(b).[9] (D.E. 1, ¶¶ 95-97). But same pleading failures that plague Plaintiff's *Monell* claim are present here and require dismissal under Rule 12(b)(6).

Unlike vicarious liability, claims of negligent training, supervision, and discipline are grounded in active negligence by the employer. *Braswell v. Braswell,* 330 N.C. 363, 373, 40 S.E.2d 897, 903 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992). "Plaintiff's burden is high and only cases involving notoriously unsuitable employees or allegations of misconduct

---

[9] As stated above, although Plaintiff captions this claim as a "Negligence *Per Se* N.C. Gen. Stat. § 15A-401" (*See* D.E. 1, p 9), the undersigned is aware of no court decision that has held a violation of N.C. Gen. Stat. § 15A-401(b) forms the basis of a negligence *per se* action.

repeatedly ignored by an employer have met those elements. *Davis v. Matroo,* No. 5:13-CV-00233-BO, 2013 WL 5309662, at *5 (E.D.N.C. Sept. 19, 2013)(citing *Braswell,* 40 S.E.2d at 903. In addition, employers are presumed to use due care in retraining and supervising their employees. *Braswell*, 330 N.C. at 373, 410 S.E.2d at 903.

To state a claim for negligent training and supervision under North Carolina law, a plaintiff must allege "(1) that an incompetent employee committed a tortious act resulting in injury to the plaintiff; and (2) that prior to the act, the employer knew or had reason to know of the employee's incompetency." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 250 (4th Cir. 2000); *Joy v. MERSCORP, Inc.,* 935 F. Supp. 2d 848, 864 (E.D.N.C. 2013)

Here, even if Officer Greiner committed a tort against Plaintiff—which the City denies— the Complaint is devoid of any allegations or supporting facts from which it can be plausibly inferred that City knew or had reason to know of Officer Greiner's alleged incompetency to commit such tortious acts prior to the purported injurious act against Plaintiff. Therefore, plaintiff has failed to state a claim for negligent supervision, and dismissal pursuant to Rule 12(b)(6) is required. *See Joy*, 935 F. Supp. 2d at 864–65 (dismissing plaintiff's negligent supervision claim for failure to state a claim where the Complaint "alleges no facts that defendants knew or had reason to know of any employee incompetency prior to the alleged improper conduct.")

## V.     The Court Should Dismiss Plaintiff's Official Capacity Claims Against Officer Because They are Duplicative.

An action against an officer in her official capacity is simply another way of suing her municipal employer. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). There is no difference between suing the individual defendants in their official capacities and suing the city itself. *See id.* The Fourth Circuit has held that an official capacity claim is essentially the same as

a claim against the entity and should be dismissed as duplicative when the entity (such as the employing municipality) is also named as a defendant. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief.")

The same is true for claims under North Carolina law. North Carolina state courts have held that when governmental employees are sued in their official capacities, "the claim is against the office the employee holds rather than the particular individual who occupies the office." *May v. City of Durham*, 136 N.C. App. 578, 584, 525 S.E.2d 223, 229 (2000)(citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). "Therefore, in a suit where the plaintiff asserts a claim against a governmental entity, a suit against those individuals working in their official capacity for this governmental entity is redundant." *Id.* (citing *Moore v. City of Creedmoor,* 345 N.C. 356, 367, 481 S.E.2d 14, 21 (1997).

Plaintiff's claims against Officer Greiner in her official capacity are identical to her claims against the City of Raleigh. The relief sought by Plaintiff for those claims—money damages—is also the same. Therefore, the official capacity claims are duplicative and should be dismissed.

## VI. Plaintiff Cannot Recover Punitive Damages from the City as a Matter of Law.

In her Complaint, Plaintiff asserts a separate cause of action for punitive damages. (D.E. 1, ¶¶ 142-147). [10] To the extent Plaintiff seeks punitive damages against the City or Officer Greiner in her official capacity, the claim must be dismissed.

---

[10] "Punitive damages do not and cannot exist as an independent cause of action." *Hawkins v. Hawkins*, 101 N.C. App. 529, 532 (1991), *aff'd*, 331 N.C. 743 (1992). They are "mere incidents of the cause of action and can never constitute a basis for it." *Id.* Furthermore, punitive damages are not included among the damages plaintiff lists in her *Prayer for Relief*. (D.E. 1, p 17) Plaintiff states she seeks only "compensatory damages jointly and severally against all Defendants." (Id.)

"Municipalities may not be held liable for punitive damages, whether under 42 U.S.C. § 1983 or North Carolina law." *Iglesias v. Wolford,* 539 F. Supp. 2d 831, 841 (E.D.N.C. 2008). In *City of Newport v. Fact Concerts, Inc.,* the Supreme Court held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." 453 U.S. 247, 271 (1981). In *Long v. City of Charlotte,* the North Carolina Supreme Court held "in the absence of statutory provisions to the contrary, municipal corporations are immune from punitive damages." 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982).

Here, no statutory basis exists to impose punitive damages against the City for Plaintiff's state constitutional and common law claims. *See Crain v. Butler*, 419 F. Supp. 2d 785, 794 (E.D.N.C. 2005) (rejecting the plaintiffs' argument that punitive damages were permitted for a direct claim under state constitution); N.C. Gen. Stat. § 1D-15(c) ("Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another.").

Likewise, municipal officials are not liable for punitive damages in their official capacities under either 42 U.S.C. § 1983 or North Carolina law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Crain,* 419 F.Supp.2d at 793 (before and after the enactment of N.C. Gen. Stat. §§ 1D–1 *et seq.* concerning the award of punitive damages, "courts in North Carolina have applied *Long* to prohibit claims for punitive damages against officers of local governments in their official capacities"). Therefore, Plaintiff's request for punitive damages should be dismissed.

## CONCLUSION

Because Plaintiff's allegations in her Complaint fail to allege any plausible claim against the City or Officer Greiner in her official capacity, the Court should dismiss all claims against them with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: August 28, 2023

CITY OF RALEIGH
Dorothy V. Kibler, *Interim* City Attorney

By: /s/ Andrew J. Seymour
Andrew J. Seymour
Senior Associate City Attorney
P.O. Box 1949
Raleigh, NC 27602
Tel: (919) 996-6560
Andrew.Seymour@raleighnc.gov
NC State Bar No. 44787
*Attorneys for Defendants City of Raleigh and Samantha Greiner in her official capacity*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:23-cv-00201-FL

| | |
|---|---|
| STACEY CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| SAMANTHA GREINER *in her official and* ) | |
| *individual capacity*; CITY OF RALEIGH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

I certify that on the date written below I electronically filed the foregoing **Memorandum of Law in Support of Motion to Dismiss Filed by Defendants City of Raleigh and Samantha Greiner in her Official Capacity** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Dominique Camm, Esq. | James Thornton, Esq. |
| Freedmen Law Group | Cranfill Sumner, LLP |
| 609 S. New Hope Rd. | 5420 Wade Park Blvd., Ste. 300, |
| Suite 200E | Raleigh, NC 27607 |
| Gastonia, N.C. 28054 | jthornton@cshlaw.com |
| dcammesq@gmail.com | *Attorney for Defendant Samantha Greiner in* |
| *Attorney for Plaintiff Stacey Campbell* | *her individual capacity* |

Dated: August 28, 2023

                                                 */s/ Andrew J. Seymour*
                                                 Andrew J. Seymour
                                                 Sr. Associate City Attorney
                                                 Raleigh City Attorney's Office
                                                 P.O. Box 1949
                                                 Raleigh, NC 27602
                                                 Tel: (919) 996-6560
                                                 Andrew.Seymour@raleighnc.gov
                                                 N.C. Bar No. 44787
                                                 *Attorney for Defendants City of Raleigh and*
                                                 *Samantha Greiner in her official capacity*